May it please the Court, Kathy Polius for Plaintiff Louis Duplan. First I'd like to apologize for my lateness. I didn't expect the line downstairs So I'm sorry about that. When I was in your position Ms. Polius, and I was right next door. I would make sure that I'd be here about an hour before oral argument Yes, your honor. I apologize for that In this action plaintiff asserts Retaliation claims under title 7 and retaliation and discrimination claims under section 1981 Plaintiff alleges that he was subjected to various adverse employment actions in retaliation for bringing this lawsuit as well as for complaints that he made internally with the employer and to the State Division of Human Rights and EEOC in the summer of 2011 and fall of 2014 We believe that the court below made several errors Firstly the court below erred in holding that some of plaintiff's title 7 retaliation claims Were time barred because they had not been timely asserted to the EEOC Before being asserted in a civil action. Our position is that they did not have to be asserted to the EEOC at all before being litigated Claims that allege retaliation for an earlier EEOC charge are considered reasonably or substantially Related to that earlier charge under Terry versus Ashcroft and other Second Circuit cases That ruling has been made in cases where either the underlying EEOC case or the Eventual lawsuit were still pending when those retaliatory actions were taken. Is that not right? I'm not aware that they that Well, are you in all those cases the the underlying EEOC charge was still pending either the underlying EEOC charge or the Resulting court action where there was a resulting court action. What I'm concerned about is something like this Are you aware of any case like this in which someone filed an EEOC charge? To which subsequent retaliation would be deemed related then the time then that EEOC charge ends in a right to sue letter and Then there is no court action Taken and then at some later time after the underlying EEOC charge the underlying discrimination charge is now time barred because the suit was not brought Why isn't any Retaliation charge from the past that would have been incorporated into that right to sue letter Which has never been acted upon. Why wouldn't that also be time barred after the failure to bring the lawsuit? Well, it is true that the cases that we in the cases that we were cited cited a lawsuit was was brought The the charge was perfected, but the cases did not say say that that was a requirement But that's the facts. Why why would it be the case that if you have it? I mean that it is not the law is it that retaliation charges don't need to be exhausted, right? Retaliation charges need to be exhausted, too Yes. Yes, and the law is that if you have retaliation that is adjunct to Reasonably related to a discrimination case that has been exhausted then they're deemed exhausted, right? The retaliation charges are also deemed exhausted without your having to actually file a separate EEOC charge, right? Well the retaliation Well the retaliation Came up after after the EEOC charge had already been adjudicated. I'm not sure I follow You've got two kinds of claims here at least and they're met there are multiple situations and they relate to multiple EEOC charges What I'm trying to get at is let's take two different types of retaliation two different timings of retaliation in case number one an EEOC charge of discrimination is filed While that charge is pending there is retaliation The EEOC issues a right to sue letter which would encompass the retaliation as well as the underlying discrimination Then 90 days pass and the charging party fails to file a lawsuit Would not the retaliation claim that I've just described be time-barred as well as the discrimination claim Yes, I would agree in that situation This situation because the retaliation occurred after the EEOC charge had already Terminated had already some of it Well, actually the aren't you also alleging retaliation that is older We're not we're not alleging any title 7 retaliation claims for what happened in 2011 because we were outside the statute of limitations for that But now let's now let's try something else Now that case is dead buried gone barred by the statute of limitations as to discrimination and as to any Retaliation that is encompassed within that charge now a year later There is some retaliation why on earth wouldn't the complainant have to Start up an EEOC process again. This isn't part of the old case. That old case is over It's time-barred. So why would we want to say that if someone does not act to bring a Lawsuit based on the underlying thing that was exhausted before the EEOC that any Retaliation no matter how far into the future Somehow was exhausted by filing an EEOC charge years earlier That was never acted upon in court. What what sense would that make? I Don't I don't think that the case law requires the plaintiff to have Actually brought a lawsuit on the EEOC charge Is there any case in which that particular that precise problem has arisen? I? Didn't find a case that fits that exact that fits the exact a fact pattern is are saying that because a because this court has said that Future acts of retaliation are encompassed in the EEOC charge in cases where there was Action taken on the EEOC charge and the case is still before the court that original case because they say in general we have said in general terms that These retaliation cases relate back to the filing of the charge that in a quite different situation There would be no need to retaliate. I mean, maybe that's right, but it seems to me that would be Novel proposition that we'd have to decide that's not something we've decided already. I Don't think oh But you but the court also hasn't decided that that's that's a requirement I mean that was the fact pattern in the cases that were cited But it all this court also hasn't decided that it's a requirement decided it either way. You haven't decided it either way. Yes so I I think that the the purpose of of Not requiring the plaintiff to go back to the EEOC is so that the burden is not on the plaintiff to spend resources Continually going back to the EEOC every time the employer does something that's retaliatory. I'm very sympathetic But isn't that the entire scheme if you're retaliated against you've got 300 days from the retaliation whether or not it relates back Setting aside those cases where it's in the context of a pending lawsuit you've got 300 days to File with the EEOC and you've got 90 days to file a separate complaint or do something else From the time that you get your right to sue letter Isn't that the scheme and isn't that isn't there a reason for that scheme that that's that's the scheme Being I think why this these exceptions are made in Terry versus Ashcroft and other second-circuit cases is because it would be extremely burdensome for the plaintiff to constantly have to go back to the EEOC every time a retaliatory action is every time he or she is subjected to a retaliatory action, and I it would be a Incredibly burdensome in terms of resources in terms of time financial resources Well, you wouldn't have to do it every time It's only if you have sort of made your peace by letting the statute of limitations go by without filing the original lawsuit Right, they don't have to happen once because if there's more retaliation while the case is going on Then that would also be encompassed by The the rule that it's related to the charge that's made what I'm concerned about is It sounds like you're suggesting That once there has been a charge and there has been some alleged maybe even if there hadn't been any alleged retaliation back at the at the time and the plaintiff fails to file a Lawsuit within the 90 days then any retaliation that takes place at any time in the future Essentially has either no statute of limitations at all or we'd have to make one up Well, it still has a statute of limitations that would be attached to title 7 claims, which I believe is would be three years because title 7 doesn't doesn't specifically Annunciate a statute of limitations, but if you borrow from the New York personal injury, you wouldn't have to go through the Process you wouldn't I mean that that's the outer bound three years without going through the process and My my question is there's an entire scheme designed to prevent exactly what you are advocating for Which is going through the and going through the EEOC or in this case the New York State Division of Human Rights process. I Recognize that there's that there's a scheme, but I think that's The way that retaliation actions often happen over a pit over sometimes over a long period of time multiple acts of retaliation that it would be It would make sense that the plaintiff would not be required for every single act to keep going back to this agency We've you've reserved three minutes Naive question, I'm sure there's an answer to it Is this an important question for this case in the sense that you also have a section 1981 claim which also Short circuits or avoids or does not require that kind of exhaustion and which has a three-year statute of limitations. So are there any Claims that mr Duplan would not be allowed to bring or any relief that you would not be allowed to get If you were confined to section 1981 rather than to title 7 well the part of the issue that the reason why our section 1981 claims were dismissed is because We brought them against the city of New York alone and the court below Determines that the US Supreme Court's decision in In jet is still is still good law You cannot lack of a municipal policy or custom in this case, right? Our argument is that the Civil Rights Act of 1991? overruled jet it was the first time that The Congress incorporated a mention of the state that's between a three-year and a four-year statute of limitations Yes, if all you're asking for under title 7 is a three-year statute of limitations So I'm still having trouble understanding 1981 is better if you're right that there's a four-year statute of limitations and No worse than title 7 if you're wrong and we're supposed to import a three-year statute of limitations to the retaliation case Am I missing something? I'm probably missing something. Okay. Well The the night right now we started these claims under under 1981 and title 7 the 1981 claims Were dismissed by the court below because of because of jet so we don't have We we're not able to litigate what happened in 2011 because this case was brought in 2015 the rest of the claims could come up under title 7 but the court below indicated that we have these other issues of Failing to go to the EEOC on some of them. They could come up under title 7 Because there is no exhaustion and no statute of limitations Is that what you're saying in other words if we were to import a three-year statute of limitations That wouldn't help you because you'd be in the same position. You are one case. Well, we're actually I'm sorry You're on an image interrupt you we're actually claiming retaliatory actions in 2013 and 14 which were within the three-year statute limitations before the case and bring under jet under in 1981 The court below is saying that we can't because we only we only sued brought this case against a municipal entity And we're precluded by jet No, I'm sorry. I mean, I'm maybe we're confusing. I'm confusing two things. Okay. I thought your jet problem was a statute of limitations problem Am I wrong about that? It's a also some another requirement. It's it's not just a statute of limitations problem. It's The jet jet basically said that the exclusive remedy for Mitigating cases against municipal entities is section 1983 and therefore it also has an imports Monroe as a requirement and the requirement but Monel Monel and and therefore a That's to be a pattern or practice right and and section 1983 has a three-year statute limitation so basically the court below stated that we don't have the benefit of section 1981 in terms of statute limitations in terms of content Okay on the substance. Okay. Thank you. You've reserved three minutes for rebuttal. We'll hear from your adversary Good morning, your honors may it please the court Jonathan Popolo for the city of New York I just wanted to pick up briefly on the section 1981 point because I think it Did sort of get sorted out of there at the end, but hopefully I can perhaps if necessary clarify it further Jet is sort of independent of the statute of limitations issue I mean jet as I think my adversary went out the end It says that the exclusive remedy for pursuing, you know The exclusive remedy for vindicating federal rights against a state actor is section 1983 no private cause no cause of action Eight circuits have looked at the question of whether jet was Nullified by the the Civil Rights Act of 1991 and said that it wasn't that it's still good law This circuit is not one of those eight. It is never in a precedential opinion done it but it has in a 2010 summary order said that the 1981 claims are encompassed by section 1983 claims and are therefore analyzed under section 1983 So as you pointed out judge Lynch that does mean that you have you know And that's that's why even if you were to deem the 1981 claims in this case as 1983 claims They would still fail because there are no allegations of a pattern in practice and the statute of limitations issue 3 versus 4 is a different Supreme Court case that has to do with whether it's the type of claim under 1981 that you could have brought prior to the Civil Rights Act of 1991 versus afterwards So that's sort of irrelevant here if because of the threshold question that you can't actually bring a section 1981 claim against a state actor And I don't have much to add on the timeliness issue I think you know that your honors pretty much articulated my argument for me that we've made about why the district court was correct And finding that the Kate the claims were not timely And that would apply as well Believe to the the hostile work environment claims those would also fail for you know, would you turn to the retaliation claims? arising from 2014 and these the ones that have to do that are prior to or before the the charge was filed and this was so these are the claims relating to the diminution and responsibilities Not withstanding the the pay grade I think okay. I think so. I think that's 2014 and 2015. Is that right? These are ones that would have they wouldn't be subject there were there were sort of two categories in a district court Those are not the subject as I understand it of any timeliness Ones that accrued prior to late December 2013 Would be barred by the failure to exhaust. I'm focusing about 2014 Yeah, I think that the the response there is that those don't constitute under the law adverse employment actions so that's it doesn't meet the even as pled it doesn't state a claim for retaliation because the there's actually there was actually the claims that post date the 2014 EEOC filing aren't actually diminution of responsibilities. There are arguments that he was given. I'm sorry. That's not entirely correct You don't let me back up. That's not it is I'm realizing it's I'm saying it There are two categories of those type of claims There's one that claims that he was given additional responsibilities that were below his civil service Functional level and is arguing that that was an adverse action and also that he was his ability to access a time Entry system was taken away from him. That's the diminution and I think on the on the diminution argument It's clear that something of that nature that doesn't affect your pay or your benefits or something like that That's just a change in job responsibilities such as that Doesn't rise to the level of an adverse employment action under the cases cited But the district court opinion and the cases cited by the district court, and I think that your cases That you cited are all in the context of discrimination cases not in the context of retaliation cases can you cite a case where a diminution in Responsibility notwithstanding retaining the same pay grade is Defeat that we've determined that that's definitively not or can't be an adverse employment action because the test is as you know Slightly different is and and broader It's broader It's if I believe it's a photo if a reasonable person would be dissuaded from Complaining from engaging in protected activity then it's considered an adverse action. So it is a bit broader Than in this and that is not that's not the test that the district court employed in its decision I'm not sure that that's necessary. I'm not sure that it's a material distinction. I guess the case Has it has been in some cases? Well, I'm not I'm not aware of a case holding the other way that's saying that this is this constitutes an adverse employment action in the context of retaliation claim, but not a discrimination what is employed by a hospital as a medical doctor and His salary isn't reduced, but the hospital says we're not going to let you perform any medical functions anymore but you can clean the toilets and And we'll keep paying you because you know, you'll retire soon and we don't care That wouldn't be an adverse employment action sufficient to deter someone from complaining about discrimination might but I I'm not sure I accept the premise of the analogy I think it would be more like if they said you no longer get the indoor parking spot versus you get there Well now we're just talking about the price though, right? We're not talking about the principal. We're talking about How much of a diminution of Responsibilities would suffice we're not talking about the principle that a diminution of responsibilities That does not change the job title or the pay could be an adverse employment action Now we're just talking about whether the particular ones that mr. Duplan alleges meet whatever that standard would be Perhaps I mean I the I don't know that the court has completely fleshed out what the the you know The borderline between the distinction of what's an adverse employment action and as well We do know what the standard is. Excuse me We do know what the standard is that doesn't need to be sorted out The standard is an action that would deter a reasonable person or might deter a reasonable person from pursuing protected activity correct and And I think you've already agreed that in principle some kinds of diminutions of Responsibility would be so tantamount to a demotion That the fact that there was no change in job category on paper Would be irrelevant and that would be sufficient to deter a reasonable person So it seems to me that the question is now whether a reasonable jury could find that those Diminutions of responsibility or shifts in responsibility that mr. Duplan is alleging are In that category. Well, there's only one that's relevant here because the others are our time It's the it's the taking away the access to the time management system a time entry system And I think if you look at the allegations in the complaint He alleges that this is something that he actually took on voluntarily at some prior point in time because he had extra time So he started entering the time for other people that he was supervising and then after he filed the EOC charge in 2014 his access to doing that was taken away So given that this is something that was already something that he was doing Voluntarily and it doesn't go to the sort of core of his responsibilities Of course, he also alleges that this is the only thing left of what his job was After prior acts of which may be time-barred of taking away responsibilities. Does that context matter? if he's left with no significant managerial Responsibilities. Well, but he was given he's also alleging that he was I mean, he's arguing sort of both halves of he's saying I was given new responsibilities that are evidence of retaliation and I had other responsibility a Responsibility like moving boxes around and doing maintenance work and being a fire warden and seven and titles Responsibilities that the State Division of Human Rights found were within his well within his civil service function By the way, that's another question. Is that binding on us? I Think that that aspect of it Certainly to the extent that it contradicts his his allegations in his complaint is I mean It's not this court isn't necessarily bound by the division's finding of no discrimination indeed should we even be considering this at a Motion to dismiss at the pleading stage. I understood that findings of this kind by a state Agency would be evidence that could be admissible at trial perhaps to defeat this claim But that's a far cry from saying that it's something that ought to be considered Let alone be considered as definitive at a pleading stage well I think when you when you look at it in the context So you have a pleading that sort of just in bare-bones terms says I was given responsibilities that were below my title But nothing laying it out saying my responsibilities were X Y & Z and my title responsibilities Right Okay, I understand that I understand that point so that would that would be my area for the relevance of it in this context If your honors have no further questions, thank you What With respect to the adverse actions that happened after Mr. Duplan filed the second EEOC charge and the this lawsuit I just want to reiterate that a diminished a change in pay or a change in title is not necessary This court held in buyer versus County exactly was just would you take take me through the complaint a little bit? What are the allegations? as to the diminution in responsibilities right, okay, so Within one to three months after mr. Duplan filed the second EEOC charge. He was given Additional responsibilities that we argue were outside his civil service and functional titles and that those included Handling maintenance requests assigning seats to new employees acting as fire warden. I Believe that we've we followed we Followed the pleadings the required pleading standard by indicating the Responsibilities that were outside of his title. I don't think that Iqbal requires us to Go to the extent of listing all of the title all of the responsibilities that fall within his title It's enough at paragraph 17 at j8 12 to just say the only responsibilities The plaintiff was left with were his time management responsibilities leaving him with a great deal of idle time He voluntarily took over the task of entering Time sheets and so on and his responsibilities changed from those of a supervisor manager of several subordinates to Solely being responsible for time management. That's enough. Well, actually the court the court made took issue with the pleading with respect to the assignment of Responsibilities outside of his title which happened earlier than him being X out of the time management system The time management issue was a separate incident He he had time management The only responsibilities that he had left from when he was director of operations from 2005 to 2011 were time time management Related they did not just consist of what he voluntarily took over. They consisted of giving Doing reports for the city on employees use of use of their time giving warnings to Employees about abuse of time Approving requests for leave so they did not just consist of What he voluntarily took on and when he was X out of the time management system that took away all of those responsibilities SEP he wasn't able to perform any of those that were left from an earlier time when he had substantial supervisory authority the addition of Responsibilities outside of his title happened earlier than that and that's those were the maintenance related Responsibilities that we believe is a separate adverse action because we actually cited district case district court cases in this circuit that have held that if if a Plaintiff is assigned to Responsibilities outside or below his title that's considered an adverse action in the retaliation context. I Just also would like to Add that Going back to our discussion earlier about the EEOC in Terry the court Indicated that a reason for making this exception for these types of claims is that If I could just briefly quote from the decision the more effective an employer was at using retaliatory means to scare an employee into not filing future EEO complaints the less likely the employee would be able to use be able to Hold the employer liable for the retaliation because the less likely the employee would risk filing an EEO complaint as to the retaliation It also went on to talk about the costs and delays that That would be that the plaintiff would be burdened with in having to go back to the EEOC So those were some of the reasons that Terry gave for make carving out this exception to the EEOC filing requirement Thank you very much. Thank you will reserve decision